Ex Parte Tilén et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 53.—Resuelto en febrero 26, 1907.

AFIANZAMIENTO DE LA TUTELA—RESPONSABILIDAD DE LOS FIADORES DEL TUTOR.—
La responsabilidad de los fiadores de un tutor se extiende á todo el tiempo que
dure el cargo de éste, y sólo en el caso de que el tutor presente nuevos fiadores
y se aprueben las cuentas de la tutela hasta ese día, ó cese en el desempeño de
su cargo por cualquiera de las causas que reconoce la ley, pueden los fiadores
ser relevados de su obligación, sin que proceda tampoco hacer apercibimiento
alguno al tutor, á fin de que constituya nueva fianza.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Acuña y Méndez.*

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones emitió la opinión del
tribunal.

Ante la Corte de Distrito del Distrito Judicial de San
Juan presentaron los abogados Sres. Acuña y Méndez, como
representantes de Don Pedro María Tilén y Don Juan Frese,
un escrito con referencia al caso arriba mencionado, manifes-
tando que sus representados tenían constituída una fianza por
dos mil dollars para garantizar á Don José Hernández Vélez
en el ejercicio de la tutela de la menor Isolina Costales, cuyo
nombramiento se hizo por la misma corte en 13 de abril de
1905, y se inscribió en el registro correspondiente el día 15 del
propio mes y año; que sus representados entienden que el
fiador Sr. Hernández no observa, en lo que á la gestión de la
tutela se refiere, la diligencia que es de desear en casos de tal
naturaleza, y ante la posibilidad de una cercana insolvencia,
los comparecientes han resuelto retirar la fianza prestada en
dicho caso, promoviendo al efecto las presentes diligencias;
que como la fianza es un contrato voluntario, ninguna persona
puede ser obligada á continuar prestándola en aquellos casos,
en que, como el presente, pueda resultar una insolvencia del
obligado principalmente, sin culpa alguna por parte del fia-

dor, que vendría en definitiva á hacer efectivas las responsabilidades contraídas; que, según el artículo 1744, inciso 2º. del Código Civil, el fiador puede proceder contra el deudor principal, aún antes de haber pagado, en casos de insolvencia, pero antes de recurrir á este extremo, que siempre resulta violento, los comparecientes optan por retirar la fianza prestada sin que el fiador la constituya de nuevo; que no permitiendo el párrafo 2º. del artículo 175 del Código Civil Revisado la cancelación de la fianza hasta que, aprobadas las cuentas de la tutela, el tutor haya extinguido todas las responsabilidades de su gestión, procede que en primer término la corte requiera al Sr. Hernández, por conducto del marshal, para que en el plazo que se le exige, rinda las cuentas de la tutela hasta la fecha; que estas cuentas sean examinadas por el tribunal con intervención del Ministerio Fiscal; y que si no hay que oponer á las mismas ningún reparo, se dicte una resolución aprobándolas y al propio tiempo se exhonere de toda responsabilidad á los promoventes, cancelando, en su consecuencia, totalmente la fianza prestada, y ordenando que el tutor constituya nueva fianza; y que en el caso, poco probable, de que haya responsabilidades que deducir, los fiadores no las rehuyen en modo alguno y están pronto á hacerlas efectivas, en el momento en que la corte así lo ordene, pero también en ese caso desean los comparecientes retirar la fianza en cuestión.

La corte de distrito acordó de conformidad con lo solicitado en el anterior escrito, ordenando que por el marshal se requiriera al expresado tutor para que dentro del término de quince días rindiera cuenta de la tutela y preparara nuevos fiadores, y que hecho eso, la corte resolvería después lo que fuera procedente.

Con fecha 15 de junio de 1906, el abogado Don Manuel Moraza presentó escrito á la misma corte de distrito, en representación de Don Jose Hernández, tutor de la menor Isolina Costales, expresando que, cumpliendo su representado el mandato de dicha corte, presentaba cuenta comprobada de todos los gastos hechos por la expresada menor á partir del 22 de

abril del mismo año, la que abarca los ingresos y egresos realizados hasta la fecha, manifestando además, que siendo el propósito del Sr. Hernández hacer renuncia del cargo de tutor que viene desempeñando, quiere quitarse la molestia de producir nuevas cuentas, y que impidiéndole las múltiples ocupaciones del Sr. Hernández continuar en el ejercio del cargo de tutor de la menor referida, suplica á la corte que, teniendo por rendidas las cuentas, se sirva impartirle su aprobación y tener al propio tiempo por renunciado el cargo de tutor que viene desempeñando el Sr. Hernández, nombrando en su lugar á la persona que la corte tenga por conveniente. La corte proveyó á este escrito con la siguiente resolución:

"Corte de Distrito de San Juan. No. 273. Pedro María Tilén et al., Ex Parte.—Sobre cancelación de fianza. Orden.—Antes de resolver en definitiva la solicitud de los fiadores del tutor de la menor Isolina Costales, requiérase al dicho tutor para que preste una nueva fianza por la suma ya fijada. Entonces, y previa aprobación de las cuentas de la tutela, se procederá á cancelar la fianza que otorgaron los promoventes. Y en el caso de que el tutor nombrado no pueda continuar en el desempeño de su cargo, requiérasele para que lo manifieste así y exprese las causas y además para que indique á la corte una persona de buenas condiciones que pueda sustituirle. Y entonces, y una vez que el nuevo nombramiento se haya hecho y el tutor haya prestado su fianza, previa aprobación de las cuentas del anterior tutor, se procederá á cancelar la fianza otorgada por los promoventes en el caso de que se trata. Dictada en corte abierta hoy, 30 de marzo de 1906.—Emilio del Toro, Juez.—Certifico: José E. Figueras, Secretario."

De la anterior resolución pidieron reconsideración los abogados representantes de los Sres. Tilén y Frese, fundándose en que, deduciéndose de la misma que la obligación por éstos contraída estará vigente mientras el tutor Sr. Hernández constituya nueva fianza, tal proceder está en pugna con la letra y espíritu de la ley y con las obligaciones que se impusieron los fiadores al constituir la fianza, que fueron la de garantizar á Don José Hernández en el fiel desempeño de

la tutela, de suerte que todas esas cuestiones de renuncia de tutela, nuevo tutor con su correspondiente fianza, etc., de que trata la resolución, cuya reconsideración se solicita, nada tienen que ver con la responsabilidad de los fiadores, con tanta mayor razón cuanto que el artículo 241 del Código Civil le da competencia al tribunal para proveer al cuidado de la menor, ya en su persona ó en sus bienes muebles, hasta el nombramiento de tutor; que no hay disposición alguna legal que obligue al fiador á continuar como tal en casos como en el presente en que el fiado no ha incurrido en responsabilidad, ó en que, si existiere, están dispuestos los fiadores á hacerla efectiva, y que en el estado en que se encuentran las presentes actuaciones procede que la corte llame á la vista las cuentas presentadas por el tutor, las examine con citación fiscal y les imparta su aprobación si las encuentra correctas, declarando al propio tiempo que los fiadores quedan libres de toda responsabilidad, sin perjuicio de que el expediente continúe sobre los extremos de prestación de nueva fianza, etc., en cuyo sentido es que se interesa la reconsideración de la orden que dejamos transcrita.

Al resolver esa moción sobre reconsideración de la orden de 30 de marzo de 1906, la Corte de Distrito de San Juan dictó la resolución que, copiada á la letra, dice así:

"Pedro María Tilén, Ex parte.—Cancelación de fianza.—Decisión.—La corte en 30 de marzo último, dictó una orden disponiendo que Don José Hernández, tutor que está fiado por los promoventes sea requerido para que exprese las causas en que funda su renuncia del cargo de tutor y además indique persona que pueda sustituirle y que, una vez que el nuevo tutor haya sido designado y haya éste prestado su fianza, procederá la cancelación que interesan los promoventes, si son aprobadas las cuentas de su fiado. Se ha presentado moción por los peticionarios para que sea reconsiderada tal orden y en aquélla consigna los fundamentos de su solicitud. El cargo de tutor no es renunciable sino en virtud de causa legítima debidamente justificada, según dispone el artículo 240 del Código Civil y por tanto, mientras

eso ocurre el tutor está obligado á desempeñar el cargo que aceptó. Los fiadores de un tutor, al constituirse en tales, saben, porque no pueden ignorar la ley, que su fiado ha de desempeñar su cargo hasta que cese la tutela ó ocurra alguna causa por. la que sin extinguirse aquélla dé lugar á que cese el tutor en su cargo para que otro sea nombrado, y por tanto, que contraen su obligación por todo el tiempo que desempeñe el cargo. Así pues, la obligación de los fiadores se extingue al mismo tiempo que la de su fiado (artículo 1748 del Código Civil) y por las mismas causas que las obligaciones; y como la obligación de Don José Hernández no puede cesar sino en los casos antedichos, ninguno de los cuales existe hasta el presente, no puede darse por extinguida ó cancelada la fianza que por él prestaron los peticionarios, porque así á ellos convenga ahora, y por consiguiente, no puede hacérsele apercibimiento alguno. Si él presenta nuevos fiadores y son aprobados, desde ese momento cesará la obligación de los fiadores anteriores, previa aprobación de cuentas hasta ese día. La fianza en general queda extinguida al vencimiento del plazo porque se constituyó y el término en las prestadas para tutores es por todo el tiempo que dure su cargo. Por estas razones la corte decide, que no procede reconsiderar ni enmendar la orden que en este asunto dictó en 30 de marzo último..—Pedro de Aldrey, Juez de la sección primera.—Certifico: José E. Figueras, Secretario."

De esa resolución y de su concordante de 30 de marzo anterior apelaron los fiadores Sres. Tilén y Frese por conducto de sus abogados Acuña y Méndez, para ante este tribunal.

Entendemos que la resolución dictada por la Sección 1ª. de la Corte de Distrito de San Juan en 11 de abril de 1906, y que se ha transcrito literalmente, está perfectamente ajustada á derecho, y en su virtud, opinamos que debe confirmarse en todas sus partes con las costas á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.