Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| | | |
|---|---|---|
| COMITÉ AMIGOS PABLO COLÓN SANTIAGO, REPRESENTADO POR SU PRESIDENTE, LCDO. PABLO COLÓN SANTIAGO, Y EN SU CARÁCTER PERSONAL<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE PONCE; HON. LUIS IRIZARRY PABÓN, FULANO DE TAL Y SUTANO DE TAL<br><br>Peticionarios | KLCE202400006 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PO2022CV02601<br><br>Sobre: Entredicho Provisional, *Injunction* Preliminar y Permanente; Daños y Perjuicios |

Panel especial integrado por su presidente, juez Rivera Colón, el juez Ronda del Toro y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece la parte peticionaria, el Municipio Autónomo de Ponce y su alcalde, el Hon. Luis Irizarry Pabón, en su capacidad oficial, mediante el recurso de epígrafe y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 16 de noviembre de 2023, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el dictamen recurrido. Veamos.

## I

El presente recurso tuvo su génesis en una demanda sobre entredicho provisional, *injunction* preliminar y permanente, así como daños y perjuicios, incoada por el Comité Amigos Pablo Colón Santiago (Comité), representado por su presidente, el Lcdo. Pablo Colón Santiago (Lcdo.

Número Identificador

SEN2024 _____

Colón Santiago) (recurridos), en contra del Municipio Autónomo de Ponce (Municipio) y su alcalde, el Hon. Luis Irizarry Pabón (peticionarios).[1]

Después de varias incidencias procesales, la parte peticionaria instó tres mociones de desestimación, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), mediante la cual, en esencia, solicitó que se desestimara la causa de acción de epígrafe por no exponer una reclamación que justificara la concesión de un remedio.

Celebrada una vista argumentativa y evaluadas las posturas de las partes, así como la prueba estipulada por estas, el 17 de octubre de 2022, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* en la cual desestimó la demanda en cuanto al Comité y concedió el *injunction* preliminar solicitado por el Lcdo. Colón Santiago en su carácter personal. Concluyó que el Comité no tenía legitimación activa para demandar ni ser demandado.[2] No obstante, resolvió que el Lcdo. Colón Santiago, en su carácter personal, tenía capacidad legal para demandar y ostentaba legitimación activa para incoar la demanda de autos.

Insatisfecho, el 27 de octubre de 2022, la parte peticionaria compareció ante este Tribunal de Apelaciones mediante un recurso de apelación,[3] con nomenclatura KLAN202200861, señalando los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al determinar que procede el injunction preliminar a pesar de no cumplir con los criterios para la procedencia de esa figura y atentar en contra de la Ley Anti-Injunction.

> Erró el Honorable Tribunal de Primera Instancia al no desestimar la demanda a pesar de que deja de exponer una reclamación que justifique la concesión de un remedio.

> Erró el Honorable Tribunal de Primera Instancia al concluir que el Lcdo. Pablo Colón Santiago tiene derecho estatutario a colocar su propaganda política en el Municipio Autónomo de Ponce, a pesar de no ser un candidato para un cargo público electivo y esta ser una elección interna de un partido político, y por crear sin base alguna un nuevo régimen de discrimen por contenido.

---

[1] Anejo 2 del recurso, págs. 14-39.
[2] Anejo 4 del recurso, págs. 46-65.
[3] Anejo 5 del recurso, págs. 67-100.

Analizado el recurso, el 29 de marzo de 2023, este Foro intermedio emitió una *Sentencia* confirmando el dictamen apelado.[4] En particular, concluimos que carecíamos de autoridad para entender sobre los méritos de la cuestión que la parte peticionaria propuso en su primer y tercer señalamiento de error, toda vez que la misma no era de carácter justiciable por haberse tornado académica. En cuanto al segundo señalamiento de error, examinadas las alegaciones contenidas en la demanda de epígrafe, determinamos que el Lcdo. Colón Santiago tenía una reclamación válida que ameritaba la continuación de los procedimientos, conforme a lo resuelto por el foro *a quo*.

Luego de varios trámites procesales ante el foro de origen, el 30 de octubre de 2023, la parte peticionaria instó una *Solicitud de Sentencia Sumaria*.[5] En síntesis, sostuvo que no procedía la causa de acción en daños, toda vez que aplicaba la inmunidad soberana que protege al Estado de demandas en tribunales estatales sin su consentimiento. Argumentó que, de acuerdo con la Ley Núm. 107-2020, según enmendada, conocida como el *Código Municipal de Puerto Rico de 2020*, 21 LPRA sec. 7001 *et seq.*, los municipios no renunciaban a su inmunidad en ciertos casos, especialmente cuando actuaban conforme a las leyes y ordenanzas vigentes. Especificó que, en el caso de autos, el Municipio había retirado los letreros basado en regulaciones municipales que no se declararon inconstitucionales por el foro primario.

En respuesta, el 8 de noviembre de 2023, la parte recurrida presentó un escrito intitulado *Moción en Réplica a Solicitud de Sentencia Sumaria y para que se Declare No Ha Lugar de Plano por Improcedente*.[6] En esencia, planteó que el petitorio sumario solicitado por la parte peticionaria era un ataque colateral a la *Sentencia* emitida por el tribunal de instancia, respetada por los Foros revisores. Arguyó que no había jurisdicción para atacar colateralmente una sentencia de *injunction* preliminar final y firme,

---

[4] Anejo 6 del recurso, págs. 101-114.
[5] Anejo 7 del recurso, págs. 115-130.
[6] Anejo 8 del recurso, págs. 131-136.

la cual constituía la ley del caso. Por ello, alegó que no se podía entrar a dilucidar dicha solicitud sumaria.

Evaluadas las posturas de las partes, el 16 de noviembre de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria.[7] Indicó que, recibido el Mandato del Tribunal de Apelaciones, se mantuvo la corrección de la *Sentencia Parcial* del 17 de octubre de 2022 dictada en el caso de autos, la cual constituía la ley del caso. Sobre ello, resolvió que se sostuvo la adjudicación de la controversia sobre que no era necesario determinar la inconstitucionalidad de una ley u ordenanza en este caso y que una rotulación gráfica relacionada con alguna aspiración política de cualquier ciudadano en particular no debía considerarse prohibida, ya que eran permitidas. En virtud de ello, concluyó que no procedía en derecho la solicitud de sentencia sumaria presentada por la parte peticionaria.

En desacuerdo, el 27 de noviembre de 2023, la parte peticionaria presentó una *Solicitud de Reconsideración*,[8] a la cual se opuso la parte recurrida.[9] Atendidos los escritos de las partes, el 8 de diciembre de 2023, notificada el 11 del mismo mes y año, el foro primario emitió una *Resolución* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[10]

Inconforme, el 2 de enero de 2024, la parte peticionaria instó el recurso de epígrafe y señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no atender una solicitud de sentencia sumaria por entender que una denegatoria de una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil es la ley del caso que impide atender en los méritos una solicitud de sentencia sumaria.

> Erró el Honorable Tribunal de Primera Instancia al no atender una solicitud de sentencia sumaria en los m[é]ritos y[,] por lo tanto[,] no determinar que, como cuestión de derecho, no procede una reclamación en daños y perjuicios contra el Municipio de Ponce al este actuar en cumplimiento con una ordenanza municipal que nunca fue declarada inconstitucional.

---

[7] Anejo 1 del recurso, págs. 1-13.
[8] Anejo 9 del recurso, págs. 138-149.
[9] Anejo 10 del recurso, pág. 150.
[10] Anejo 11 del recurso, págs. 151-152.

Erró el Honorable Tribunal de Primera Instancia al no atender una solicitud de sentencia sumaria en los m[é]ritos y[,] por lo tanto[,] no determinar que, como cuestión de derecho, no procede una reclamación en daños y perjuicios contra el Municipio de Ponce al este actuar en el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.

Evaluado lo anterior, el 12 de enero de 2024, ordenamos a la parte recurrida a mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Ha transcurrido mayor término a lo concedido sin que la parte recurrida haya acreditado escrito alguno ante esta Curia, por lo que procedemos a resolver sin el beneficio de su comparecencia.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR \_\_\_ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 2023 TSPR 118, 212 DPR ___ (2023); *Oriental Bank v. Caballero García*, 2023 TSPR 103, 212 DPR ___ (2023); *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia

material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple

con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*, pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar

guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

[E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón y Econo y otros*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

**C**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132

DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, supra; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v.*

*ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, supra.

**D**

En nuestra jurisdicción, los derechos y las obligaciones que han sido adjudicados mediante un dictamen final y firme constituyen ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020); *Cacho Pérez v. Hatton Gotay* y otros, 195 DPR 1 (2016). Véase, además, *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000). La doctrina de la ley del caso tiene como fin que los tribunales nos resistamos a reexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho. *Íd.*,

págs. 200-201; *Mgmt. Adm. Servs. Corp. v. E.L.A.*, supra, pág. 608. En ese sentido, dicha doctrina aplica a las controversias adjudicadas, ya sea por los foros de instancia, como por los foros apelativos. *Íd.*, pág. 201; *Cacho Pérez v. Hatton Gotay y otros*, supra, pág. 9. Es decir, un dictamen judicial adquiere el carácter de ley del caso al constituir una decisión final en los méritos de la cuestión considerada y decidida. *Íd.*; *Félix v. Las Haciendas*, supra. Por tanto, las determinaciones de un tribunal apelativo constituyen la ley del caso en todas aquellas cuestiones consideradas y decididas. Así, pues, generalmente, tales dictámenes obligan, tanto al tribunal de instancia como al foro que las dictó, si el caso vuelve a su consideración. *Íd.*; *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 29-30 (1971); *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136, 140 (1967).

No obstante, la doctrina de la ley del caso no es un dogma absoluto o inquebrantable. Por el contrario, cuando la aplicación de la ley del caso es errónea o conduce a resultados patentemente injustos, el tribunal tiene discreción para emplear una norma de derecho distinta. *González v. Merck*, 166 DPR 659 (2009); *Noriega v. Gobernador*, 130 DPR 919 (1992); *Rivera v. Insurance Co. of P.R.*, 103 DPR 91 (1974). En ese sentido, el Tribunal Supremo manifestó en *Srio. del Trabajo v. Tribunal Superior*, supra, pág. 140, que "cuando un tribunal se convence de que la ley del caso establecida es errónea y podría causar grave injusticia, debe de tener el poder de aplicar una norma de derecho diferente con el propósito de resolver el caso que tiene ante su consideración en una forma justa". *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como su primer señalamiento de error que el Tribunal de Primera Instancia incidió al no atender una solicitud de sentencia sumaria por entender que una denegatoria de una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*,

es la ley del caso que impide atender en los méritos una solicitud de sentencia sumaria. Como segundo señalamiento de error, sostiene que el foro primario incidió al no atender una solicitud de sentencia sumaria en los méritos y, por lo tanto, no determinar que, como cuestión de derecho, no procede una reclamación en daños y perjuicios en contra del Municipio. En su tercer y último error señalado, alega que el foro *a quo* erró al no atender un petitorio sumario y no determinar la improcedencia de la reclamación en daños y perjuicios en contra del Municipio, al este actuar en el desempeño de una función de carácter discrecional.

Luego de un examen sosegado del expediente ante nos, entendemos que, conforme lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, tenemos autoridad para atender el asunto ante nuestra consideración, por tratarse de la denegatoria de una moción de carácter dispositivo y por encontrarnos en la etapa procesal adecuada para intervenir. De igual forma, dicho señalamiento de error cumple con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

En el presente caso, en la *Sentencia Parcial* del 17 de octubre de 2022, el Tribunal de Primera Instancia adjudicó unas solicitudes de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, mediante la cual desestimó la demanda en cuanto al Comité y concedió el *injunction* preliminar solicitado por el Lcdo. Colón Santiago en su carácter personal. Concluyó que el Comité no tenía legitimación activa para demandar ni ser demandado, pero que, por el contrario, el Lcdo. Colón Santiago, en su carácter personal, tenía capacidad legal para demandar y ostentaba legitimación activa para incoar la demanda de epígrafe. Es decir, tal dictamen, en esa etapa temprana de los procedimientos, versaba exclusivamente en si procedía o no un petitorio desestimatorio en virtud de la precitada regla.

Inconforme con dicha determinación, la parte peticionaria acudió en apelación ante este Foro revisor, mediante el recurso con alfanumérico KLAN202200861. Evaluado el recurso, el 29 de marzo de 2023, emitimos una *Sentencia* mediante la cual, **sin entrar en los méritos de las alegaciones**, concluimos que carecíamos de autoridad para entender sobre lo propuesto por la parte peticionaria en su primer y tercer señalamiento de error, por haberse tornado académico. En particular, el primer error señalado versaba sobre si procedía un *injunction* preliminar, a pesar del presunto incumplimiento con los criterios requeridos para ello. Por otro lado, el segundo señalamiento de error solicitaba la revisión de si el Lcdo. Colón Santiago tenía derecho estatutario para colocar su propaganda política en el Municipio, a pesar de, alegadamente, no ser un candidato para un cargo público electivo y tratarse de una elección interna de un partido político. En cuanto al segundo señalamiento de error, sobre la suficiencia de las alegaciones contenidas en la demanda, determinamos que el Lcdo. Colón Santiago tenía una reclamación válida que ameritaba la continuación de los procedimientos, conforme a lo resuelto por el foro *a quo*. Por tanto, confirmamos el dictamen apelado exclusivamente en cuanto a este último asunto.

Si bien es cierto que dicha determinación advino final y firme, también es cierto que, posteriormente, se presentó ante el foro primario una solicitud de sentencia sumaria con nuevas alegaciones, la cual no fue objeto de análisis y adjudicación en el dictamen emitido por este Foro. De modo que, nuestra *Sentencia* del 29 de marzo de 2023 no supuso un dictamen en cuanto a la planteado en la *Solicitud de Sentencia Sumaria* presentada por la parte peticionaria.

Contrario a lo aseverado por el foro de origen, el asunto presentado en el referido petitorio sumario no fue previamente adjudicado por esta Curia, ya que se trata de dos mociones dispositivas distintas, presentadas en etapas procesales completamente diferentes, que acarean un análisis jurídico disímil. Nótese que en el dictamen del KLAN202200861

adjudicamos en sus méritos, únicamente, lo relacionado a las solicitudes de desestimación por presuntamente dejar de exponer una reclamación que justificara la concesión de un remedio.

Por consiguiente, ante el tracto procesal antes expuesto, se hace innecesario el análisis bajo la doctrina de la ley del caso. Esto, puesto que, como vimos, mientras que la *Sentencia Parcial* emitida por el foro recurrido el 17 de octubre de 2022, así como nuestra *Sentencia* emitida el 29 de marzo de 2023, adjudicó las solicitudes de desestimación bajo la Regla 10.2(5) de Procedimiento Civil, *supra*, en la *Resolución* aquí recurrida el foro primario tenía ante sí la adjudicación de un petitorio sumario en virtud de la Regla 36 de Procedimiento Civil, *supra*. Ante ello, el foro juzgador no estaba impedido, bajo la doctrina de la ley del caso, de analizar la *Solicitud de Sentencia Sumaria* presentada por la parte peticionaria, conforme a las exigencias de la precitada Regla 36. Por consiguiente, procede que el tribunal de instancia le conceda un término a la parte recurrida para que presente su oposición en los méritos del mencionado petitorio sumario, según contempla la Regla 36 de Procedimiento Civil, *supra*.

En vista de lo anterior, concluimos que el Tribunal de Primera Instancia incidió en su proceder, por lo que se hace necesaria nuestra intervención en esta etapa de los procedimientos, pues la disposición de la determinación recurrida es contraria a derecho y, el no intervenir, podría resultar en un fracaso irremediable de la justicia. Por consiguiente, y al amparo de lo dispuesto en nuestro ordenamiento jurídico, procede la expedición del auto de *certiorari* y la revocación de la *Resolución* recurrida.

**IV**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta sentencia, expedimos el auto de *certiorari*, revocamos el dictamen recurrido y devolvemos el caso al foro primario, para que conceda un término a la parte recurrida, para presentar su oposición en los méritos a la *Solicitud de Sentencia Sumaria*, según contempla la Regla 36 de

Procedimiento Civil, *supra*. Una vez el tribunal tenga dicha oposición, deberá proceder a examinar y resolver las mismas conforme a derecho.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones