GABRIEL RIVERA ROBLES, demandante y recurrente, *v.* INSURANCE CO. OF PUERTO RICO, demandada y recurrida; MARRERO AUTO SALES INC., interventora y recurrente.

*Números:* R-72-170,  R-72-176  *Resueltos:* 9 de diciembre de 1974

*Meléndez & Suárez,* abogados de la interventora-recurrente; *Vicente Santori Coll,* abogado de la recurrida; *Gilberto R. Padró Díaz,* abogado de Gabriel Rivera Robles.

PER CURIAM: El 8 de setiembre de 1965, el señor Rivera Robles demandó a Insurance Company of Puerto Rico ("Insurance Co.") por daños sufridos por su automóvil por razón de fuego. Insurance Co. negó responsabilidad alguna bajo la póliza que el señor Rivera mantenía con ella. Luego Marrero Auto Sales Inc. ("Marrero Auto") obtuvo intervención en el pleito como vendedora condicional del vehículo comprado por el señor Rivera.

En enero de 1969 las partes sometieron por estipulación al Tribunal Superior la cuestión preliminar de si la póliza cubría el riesgo incurrido. El Tribunal Superior resolvió que sí e Insurance Co. solicitó de este Tribunal la expedición de un auto de *certiorari* para revisar dicha resolución. Denegamos la expedición del auto el 25 de marzo de 1970.

El 1 de marzo de 1972 se estipuló ante el Tribunal Superior por todas las partes en ambos recursos que "el vehículo fue destruido por una falla de origen eléctrico que originó un fuego en el motor" y que de determinarse que existía cubierta bajo la póliza, le correspondería al señor Rivera la suma de $1,755.00 y a su acreedora Marrero Auto la cantidad de $4,000.00. El tribunal de instancia resolvió esta vez bajo tales

hechos que la póliza del señor Rivera excluía el daño sufrido. El señor Rivera y Marrero Auto recurren ante nos alegando la comisión de dos errores: que existía cubierta bajo la póliza y que, de no ser así, la cuestión era cosa juzgada por haber resuelto el tribunal de instancia el asunto inicialmente a su favor.

■ No se incurrió en ninguno de los dos errores. La póliza abarca daños misceláneos al vehículo bajo la cubierta "D" ("Comprehensive"), la cual disponía:

"Comprehensive—Loss of or Damage to the Automobile, except by Collision or Upset but including Fire, Theft and Windstorm."

Entre las excepciones a dicha cubierta se especificaba, sin embargo, la siguiente:

"This policy shall not apply:
. . . (L) under coverages D, E, F, G, H, I and J, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy."

Las partes aceptan que la destrucción del vehículo se debió a una falla de origen eléctrico. Se aplica en consecuencia la exclusión citada y, no estando cubierto el riesgo por ninguna otra disposición de la póliza, no puede recobrarse contra la aseguradora.

■ En numerosas instancias hemos resuelto que los contratos de seguro, por ser de adhesión, deben interpretarse liberalmente a favor del asegurado. *Rosario* v. *Atlantic Southern Ins. Co.,* 95 D.P.R. 759, 765 (1968); *Pérez Escolar* v. *Collado,* 90 D.P.R. 806 (1964); *Barreras* v. *Santana,* 87 D.P.R. 227 (1963). Las cláusulas de exclusión en especial deben interpretarse restrictivamente en contra del asegurador. *Barreras,* supra, 235. Del otro lado, si el lenguaje del contrato es explícito, no queda margen para interpretaciones que violenten

obligaciones contraídas al amparo de la ley, que se atengan a lo acordado por las partes y que no contravengan el interés público. *Barreras*, supra, *loc. cit.*; 1 Couch *On Insurance*, secs. 15:37, 15:38, 15:47.

La exclusión aquí envuelta es, además, conocida en pólizas de este tipo y ha sido respetada por los tribunales. 11 Couch *On Insurance* 129; *Lunn* v. *Indiana Lumbermens Mutual Insurance Co.*, 201 S.W.2d 978 (Tenn. 1947); *Hemel* v. *State Farm Mutual Auto Insurance Co.*, 29 So.2d 483 (La. 1947).

Debe recordarse, además, que el Comisionado de Seguros de Puerto Rico aprueba o rechaza los formularios de pólizas utilizados en el país, Código de Seguros, Art. 11.110, 26 L.P.R.A. sec. 1111(1) y aun tiene el poder de retirar una aprobación previa. 26 L.P.R.A. sec. 1111(3). La exclusión envuelta en el presente tipo de contrato ha merecido en todo momento la aprobación del Comisionado. [1] Es cierto que la exclusión limita en modo sustancial el ámbito del riesgo asegurado, pero el remedio es a todas luces de naturaleza administrativa o legislativa y no judicial.

■ Respecto a la segunda imputación de error, baste señalar que no puede invocarse la doctrina de cosa juzgada cuando no existe, como en este caso, una decisión final en los méritos que sirva de base a la defensa. Código Civil, Art. 1204, 31 L.P.R.A. sec. 3343; *García* v. *Gobierno de la Capital*, 72 D.P.R. 138, 150–151 (1951); *Restatement, Judgments*, secs. 41, 45 (1942); *Developments in the Law—Res Judicata*, 65 Harv. L. Rev. 818, 835 *et seq.* (1952). La doctrina de la ley del caso es tampoco aplicable por igual razón, fuera de que hemos resuelto que cuando la ley del caso es errónea y puede causar una gran injusticia, puede emplearse una norma de derecho diferente. *Secretario del Trabajo* v. *Tribunal Superior*, 95 D.P.R. 136, 140 (1967). Un principio análogo rige la doc-

---

[1] De los archivos de la Oficina del Comisionado surge que esto es así al menos desde el 26 de setiembre de 1956 y que hasta el día de hoy se admite la exclusión.

trina de cosa juzgada. *Millán* v. *Caribe Motors Corp.,* 83 D.P.R. 494 (1961); *Pérez* v. *Bauzá,* 83 D.P.R. 220, 226 (1961); *Mercado Riera* v. *Mercado Riera,* 100 D.P.R. 940 (1972).

*Por los fundamentos expuestos se confirmará la sentencia dictada por el tribunal de instancia.*

El Juez Asociado, Señor Armindo Cadilla Ginorio, no participó.