Jorge R. JIMENEZ, Jr. Plaintiff,

v.

**TRIPLE S. INC., Defendant.**

**No. CIV. 99–1987 PG.**

United States District Court,
D. Puerto Rico.

July 31, 2001.

Luis N. Blanco–Matos, San Juan, PR, for Jorge R. Jimenez, Jr., plaintiff.

Cesar T. Alcover–Acosta, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Triple S, Inc., defendant.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, a permanent resident of Connecticut, sued Triple–S Inc., a company organized under the laws of the Commonwealth of Puerto Rico, claiming that Triple–S owes him certain sums of money for medical treatment received in Hartford Connecticut. Presently before the Court are two cross motions for Summary Judgment filed by Plaintiff and Defendant (Dkts. 11, 12 respectively). Both motions are appropriately accompanied by oppositions and replies (Dkts. 20, 23, 28 and 32). After considering the whole record and pertinent law, the Court stands ready to rule.

### SUMMARY JUDGMENT STANDARD

Summary Judgment is "a means of avoiding full-dress trials in unwinnable cases..." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991). Granting summary judgment is appropriate when "there is no issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Sheinkopf v. Stone,* 927 F.2d 1259, 1261 (1st Cir.1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue is one that is dispositive and must be resolved at trial because a reasonable jury could resolve in favor of the non-moving party. *Arvelo v. American International Insurance Co.,* 875 F.Supp. 95, 99 (D.P.R. 1995).

Once a moving party has made a showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to demonstrate that a trial worthy issue remains. *See Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997); *Borschow Hosp. & Med. Supplies Inc., v. Cesar Castillo, Inc.,* 96 F.3d 10,14 (1st Cir.1996). The non-moving party must set forth specific facts in proper evidentiary form substantiating that a genuine factual issue exists for trial. *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409 (1st Cir.2000); *Moreau v. Local 247,* 851 F.2d 516, 518 (1st Cir.1988) (stating that "The [party opposing summary judgment] may not merely rest on the pleadings and arguments, but must set forth specific facts showing a genuine issue about a material fact"). *See also, Medina–Munoz v. R.J Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990); *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994). "This requirement has sharp teeth: the plaintiff 'must present definite, competent evidence to rebut the motion' ". *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), Citing *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991). "The mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment." *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 623–24 (1st Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Conclusory allegations, improbable inferences, and unsupported speculation are not enough to defeat a motion for summary judgment". *Morris*, 27 F.3d. at 748.

When analyzing whether to grant a motion for summary judgment the court must look at the "entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990); *See also, Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994); *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17, 21 (1st Cir.1989).

## PUERTO RICO CONTRACT LAW

Under Puerto Rico law, the Insurance Code of Puerto Rico, 26 L.P.R.A. §§§§ 101, et seq., controls the interpretation of insurance contracts. *Roberto Melendez Pinero v. Levitt & Sons of Puerto Rico, Inc.*, 1991 WL 735848, 91 J.T.S. 95, 9052 (December 13, 1991). Article 11.250 of the Insurance Code of Puerto Rico provides that every insurance contract "shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached and made a part of the policy." 26 L.P.R.A. §§ 1125. See also *Puerto Rico Electric Power Authority v. Philipps*, 645 F.Supp. 770, 772 (D.P.R. 1986).

The Civil Code of Puerto Rico is considered a supplemental source of law when the Insurance Code of Puerto Rico does not provide an interpretive approach for a particular situation. *Puerto Rico Housing Bank v. Pagan Insurance Underwriters*, 11 Official Translations 3, 8 (1981); 111 D.P.R. 1, 6; *Gonzalez v. John Hancock Mutual Life Insurance Co.*, 927 F.2d 659, 661 (1st Cir.1991). Article 1233 of the Puerto Rico Civil Code provides that when "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." 31 L.P.R.A. §§ 3471. *Nieves v. Intercontinental Life Ins. Co.*, 964 F.2d 60, 63 (1st Cir.1992). "For Article 1233 purposes, a term is considered 'clear' when it is sufficiently lucid to be understood to have one particular meaning, without room for doubt." *Hopgood v. Merrill Lynch, Pierce, Fenner & Smith*, 839 F.Supp. 98, 104 (D.P.R.1993) (citations omitted). If the meaning of a contract's terms is sufficiently clear, "the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." *Vulcan Tools of Puerto Rico v. Makita U.S.A. Inc.*, 23 F.3d 564, 567 (1st Cir.1994).

## PLAINTIFF IS NOT ENTITLED TO COVERAGE

The policies in question contain a qualifying clause which indicates that "this policy is issued to bona fide residents of Puerto Rico, with principal place of residence located within the Area of Service, as defined in this policy . . .". Area of service is defined by the policy as " . . . the area within which the insured person is expected to receive the majority of the medical-surgical services. In this policy the area of service means Puerto Rico, *because the benefits provided in this policy are available only to those persons who live in*

*Puerto Rico permanently"*[1]. (Translation and emphasis ours).

██ There can be no doubt that the language of the policies is clear. The language is "sufficiently lucid to be understood to have one particular meaning, without room for doubt." *Hopgood* 839 F.Supp. at 104. In cases where the language of a contract is clear, the Puerto Rican Civil Code mandates that "the literal sense of its stipulations shall be observed." 31 L.P.R.A. §§ 3471. *Nieves v. Intercontinental Life Ins. Co.*, 964 F.2d 60, 63 (1st Cir.1992). Thus, the Court is constrained to give the language of the policies its literal meaning and must restrain itself from indulging in an analysis of the alleged intent of the parties. *Vulcan Tools of Puerto Rico*, 23 F.3d at 567 (1st Cir.1994). The policies in question only cover individuals who reside permanently within the jurisdictional grounds of Puerto Rico.

A review of the record indicates that since August of 1996, plaintiff has been a permanent resident of the State of Connecticut[2]. In Paragraph 1 of the Complaint, Plaintiff himself states that "Plaintiff Jorge R. Jimenez Roure is a resident of the state of Connecticut where he intends to remain indefinitely.... [3]" In answer to an interrogatory the Plaintiff indicates that the "at the time the complaint was filed plaintiff had, and still has, its permanent residence *(aminus manendi)* in the State of Connecticut". Additionally, there is a stipulation between the parties that reads "19. Since August 29, 1996, plaintiff has continuously resided in Hartford Connecticut." *See Stipulations* (Dkt.10), *paragraph 19*. Accordingly, this Court must reach an inevitable conclusion: Plaintiff is not entitled to claim insurance coverage under the second, third and subsequent policies issued by Defendant.

██ The Court is mindful of the fact that under Puerto Rican law, insurance contracts are considered adhesion contracts and, as such, insurance contracts are liberally construed in favor of the insured. *Nieves v. Intercontinental Life Ins. of Puerto Rico*, 964 F.2d 60, 63 (1st Cir.1992); *Rosario v. Atlantic Southern Ins. Co. of P.R.*, 95 P.R.R. 742, 748, 1968 WL 17268 (1968). But adhesion does not imply nullity of a contract's clear terms. *U.R.H.C. v.*

1. The original policy is in Spanish and provides:

   "Area de Servicio: Significa el área dentro de la cual se espera que la persona asegurada reciba la mayoría de los servicios médico-hospitalarios. En esta póliza el área de servicio significa Puerto Rico, ya que los beneficios provistos en esta póliza están disponibles sólo para aquellas personas que viven permanentemente en Puerto Rico."

2. The Court is aware that an identical compliant was previously dismissed by Judge Fuste upon finding that there was no diversity jurisdiction (Civil Number 97–2524; Opinion and Order entered on February 26, 1999). Nonetheless, this Court cannot give weight to that opinion since it is based on a different time frame. Judge Fuste determined that plaintiff was not a resident of Connecticut at the time the first Complaint was filed. The time that this Court must consider is different because a new Complaint has been filed. Additional-

ly, it is apparent from the record before this Court that Defendant is not contesting the fact that Plaintiff is a citizen of Connecticut.

3. The rest of the paragraph reads as follows:

   "Furthermore, plaintiff affirmatively states that: a) he is a registered voter in the State of Connecticut, b) he holds a valid drivers license issued by the State of Connecticut, c) his car is registered in the State of Connecticut, d) his financial transactions are made by and through a bank located in the State of Connecticut e) he works in the State of Connecticut f) he currently files income tax returns in the state of Connecticut g) his principal place of residence is an apartment located in the State of Connecticut h) he is currently enrolled and pursues studies in the Central Connecticut State University.

*Pena Ubiles,* 95 P.R.R. 301, 304, 1967 WL 17113 (1967). If the wording of the contract is explicit and its language is clear, its terms and conditions are binding on the parties. *Casanova v. Puerto Rico American Insurance Co.,* 6 Official Translations 963, 970 (1978); 106 D.P.R. 689, 696–697, 1978 WL 48889; *Rivera v. Insurance Co. of P.R.,* 3 Official Translations 128, 132 (1974); 103 D.P.R. 91, 93–94, 1974 WL 36773. A court may state the meaning of a contract on summary judgment if the agreement is clear on its face. *See Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 33 (1st Cir.1998).

■ Plaintiff strives to save his case by arguing that Defendant's position is "totally untenable" and contrary to common sense. According to Plaintiff, Defendant's position stands for the proposition that an insured individual cannot obtain coverage outside of Puerto Rico even if the medical treatment is not available in Puerto Rico. Plaintiff argument is fundamentally flawed. The Court reads the insurance policy to cover medical treatment obtained outside of Puerto Rico, *if the insured resides permanently in Puerto Rico.* An insured individual would be covered under the policy if he travels outside the jurisdiction of Puerto Rico, as long as his permanent residence remains to be Puerto Rico. Contrary to the contract's clear language, Plaintiff admits (and in fact has stipulated) to changing his permanent residency in August 1996. Although Plaintiff's status as resident of the State of Connecticut may justify this Court's jurisdiction, it certainly disqualifies him as a beneficiary entitled to insurance coverage. The reason for why Plaintiff is not eligible for coverage is not because he received treatment outside of Puerto Rico, it is because he changed his permanent residency.

■ Lastly, Plaintiff argues that Defendant should have notified him that he no longer qualified for group coverage. Without such notification, Plaintiff contends that he had no way of knowing that he should have converted his coverage to an individual coverage as provided in the policy. Nonetheless, the record indicates the Defendant was never informed by Plaintiff or his employer of the fact that he had *permanently* moved to Connecticut and was thus disqualified to receive coverage. In fact, Plaintiff and his employer kept naming Plaintiff in renewal applications as an active employee of Jorge R. Jimenez Law Office even after Plaintiff had moved to Connecticut. In so doing, Plaintiff procured an eligibility that he would not have otherwise obtained. Under these circumstances, it is inconceivable to expect Triple–S to notify Plaintiff of the fact that he was no longer eligible for group coverage.

Wherefore, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**